UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ADENIRAN OYEBADE,<br>        Plaintiff,<br><br>    vs.<br><br>KAMSING V. LEE, Field Office, District<br>Director, U.S. Citizenship & Immigration<br>Services, *et al.*,<br>        Defendants. | 1:09-cv-1054-LJM-TAB |

## **ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on the defendants', Kamsing V. Lee, Gregory L. Collett, Alejandro Mayorkas, Eric Holder, and Janet Napolitano (collectively, "Defendants"), Motion to Dismiss, or, in the Alternative, for Summary Judgment ("Motion for Summary Judgment") (Dkt. No. 13) pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) and 56. Because matters outside the pleadings are presented to, and not excluded by, the Court, Defendants' motion must be treated as one for summary judgment pursuant to FRCP 12(d).[1] The plaintiff, Adeniran Oyebade ("Oyebade"), seeks review of a decision of the United States Citizenship and Immigration Services ("USCIS") denying his application for naturalization. Oyebade's application was filed under the military naturalization provisions of Section 329 of the Immigration and Nationality Act ("Section 329"), 8 U.S.C. § 1440, which provides for expedited naturalization during certain

---

[1] Under Rule 12(d), "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed.R.Civ.P. 12(d). Here, that opportunity took the form of Defendants' motion, the accompanying brief, and Oyebade's Response to Defendants' Motion for Summary Judgment (Dkt. No. 18).

times of declared military hostilities. For the reasons articulated below, the Court **GRANTS** Defendants' Motion for Summary Judgment.

## I. BACKGROUND

Oyebade is a lawful permanent resident of the United States, residing in Hendricks County, Indiana. Compl. Ex. 1, 3. On May 11, 2007, Oyebade enlisted in the United States Navy ("Navy"). *Id.* Ex. 4. He entered active duty on July 27, 2007. *Id.* Ex. 11. On August 9, 2007, Oyebade was diagnosed as suffering from a mental condition —specifically, Mood Disorder Not Otherwise Specified, which includes persistently depressed mood, poor sleep, decreased appetite, low energy, hopelessness, helplessness, psychotic thinking, and suicidal ideation. *Id.* Ex. 10. On August 14, 2007, the Navy notified Oyebade of his processing for administrative separation. *Id.* Ex. 11-12. On September 6, 2007, one month and ten days after entering active duty, the Navy discharged Oyebade from service. *Id.* Ex. 5. Oyebade attached the DD Form 214 Certificate of Release or Discharge from Active Duty ("DD Form 214"), which he was given at the time of his separation, to his Complaint (Dkt. No. 1). *Id.* In the DD Form 214 box titled "Character of Service," the Navy listed Oyebade's service as "Uncharacterized (Entry Level Separation)." *Id.* In the box titled "Narrative Reason for Separation," the reason given was "Erroneous Entry (other)." *Id.*

On October 15, 2007, Oyebade filed an N-400 Application for Naturalization in accordance with the provisions of Section 329. *Id.* Ex. 6. Section 329 provides for military naturalization of any person who, while an alien or a noncitizen national of the United

States, has served honorably in the Armed Forces of the United States during certain times of declared military hostilities.[2] 8 U.S.C. § 1440(a). On June 23, 2008, USCIS denied Oyebade's application upon finding that he was ineligible for naturalization. Compl. Ex. 2. The denial notice stated that "[s]ince the determining executive department under which you served did not deem your service as honorable, you are not eligible for naturalization under [Section 329]."[3] *Id.* at 4.

On July 22, 2008, Oyebade filed a timely Form N-336 request for a rehearing. Compl. Ex. 1. In support of his request, Oyebade submitted a letter from an official with the Navy's Recruit Training Command. *Id.* Ex. 9. Drawing on the Navy's Military Personnel Manual, the official explained the Navy's use of the terms "Entry Level Separation" and "Erroneous Entry" in the context of enlisted discharges and separations from active duty. *Id.* The official explained that the narrative reason given to Oyebade, Erroneous Entry, is most commonly used when a previously unknown medical condition prevents the continuation of military service, "and had it been discovered during the induction process, the applicant would not have been permitted to enlist at that time." *Id.*

---

[2] For many, military naturalization is an expedited path to citizenship. Some of the general requirements for naturalization, such as good moral character, are still required. Others, however, such as residence or physical presence in the United States, are either reduced or completely waived. *See* 8 U.S.C. 1427 (stating the general requirements for naturalization); *see also* 8 U.S.C. 1439 (covering naturalization through service in the armed forces).

[3] Section 329(a) of the Immigration and Nationality Act states that the executive department under which a person served (in this case, the Navy) "shall determine whether persons have served honorably in an active-duty status, and whether separation from such service was under honorable conditions." 8 U.S.C. 1440(a)(2).

The Navy's Military Personnel Manual provides further clarification. It states that there are four possible characterizations of administrative discharges: (1) Honorable; (2) General (Under Honorable Conditions); (3) Other Than Honorable; or (4) Entry-Level Separation. Dkt. No. 14-1; MILPERSMAN § 1910-300. In addition to the four characterizations that occur in the administrative separation process, two punitive discharges—Bad Conduct and Dishonorable—can also be issued under the Uniform Code of Military Justice via a court-martial. Dkt. No. 14 at 13. An Entry-Level Separation is "a separation initiated while a member is in entry-level status;" and a member is said to be in entry-level status during the first 180 days of service. Dkt. No. 14-2; MILPERSMAN § 1910-308.

Three subcategories of Entry-Level Separation exist. *Id.* An Entry-Level Separation may be further classified as: (1) Uncharacterized; (2) Under Other Than Honorable; and (3) Honorable. *Id.* An Entry-Level Separation discharge is characterized as Honorable only when it is "clearly warranted by [the] presence of unusual circumstances involving personal conduct and performance." *Id.* Furthermore, a classification of this type must be approved on a case-by-case basis by the Secretary of the Navy. *Id.* More commonly, as in Oyebade's case, Compl. Ex. 5, Entry-Level Separation discharges are of the Uncharacterized type denoting "an unevaluated period of service that is neutral and should not be considered derogatory in nature." *Id.* Ex. 9.

On April 28, 2009, USCIS reaffirmed its June 23, 2008, decision denying Oyebade's application for naturalization. *Id.* Ex. 1. The April 28, 2009, denial notice explained that Oyebade's application was not denied because his service in the Navy was dishonorable;

4

rather, it was denied because Oyebade failed to provide evidence that the Navy considered his service honorable.[4]  *Id.* at 2.  The denial notice stated:

> It appears that the Navy made the determination to not classify your service as honorable because you served less than 180 days of active duty.  By classifying your service as [U]ncharacterized, the Navy did not make any judgment as to whether your service should be deemed as honorable or dishonorable.

*Id.*  USCIS also advised Oyebade of his right to file this action.  *Id.* at 3.  The Court adds additional facts as needed below.

## II. STANDARD OF REVIEW

### A. SUMMARY JUDGMENT

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see CAE Screenplates v. Heinrich Fiedler GMBH*, 224 F.3d 1308, 1316 (Fed. Cir. 2000).  An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the opposing party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A disputed fact is material only if it might affect the outcome of the suit in light of the substantive law.  *See id.*

The moving party has the initial burden to show the absence of genuine issues of material fact.  *See Wollin v. Gondert*, 192 F.3d 616, 620 (7th Cir. 1999); *Schroeder v.*

---

[4] The burden of demonstrating eligibility for naturalized United States citizenship under Section 329 rests entirely on the alien seeking that relief.  *See INS v. Pangilinan*, 486 U.S. 875, 883-84 (1988) (stating that the burden is on the alien applicant to show his eligibility for citizenship in every respect).

*Barth*, 969 F.2d 421, 423 (7th Cir. 1992).  This burden does not entail producing evidence to negate claims on which the opposing party has the burden of proof.  *See Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 & n.3 (7th Cir. 1994).  The party opposing a summary judgment motion bears an affirmative burden of presenting evidence that a disputed issue of material fact exists.  *See Wollin*, 192 F.3d at 621; *Gonzalez v. Ingersoll Milling Mach. Co.*, 133 F.3d 1025, 1031 (7th Cir. 1998); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Scherer v. Rockwell Int'l Corp.*, 975 F.2d 356, 360 (7th Cir. 1992).  The opposing party must "go beyond the pleadings" and set forth specific facts to show that a genuine issue exists.  *See Wollin*, 192 F.3d at 621; *Stop-N-Go of Madison, Inc. v. Uno-Ven Co.*, 184 F.3d 672, 677 (7th Cir. 1999); *Hong v. Children's Mem. Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993), *cert. denied*, 511 U.S. 1005 (1994).  This burden cannot be met with conclusory statements or speculation, *see Cliff v. Bd. of Sch. Comm'rs*, 42 F.3d 403, 408 (7th Cir. 1994) (citing *McDonnell v. Cournia*, 990 F.2d 963, 969 (7th Cir. 1993)); *accord Chapple v. Nat'l Starch & Chem. Co.*, 178 F.3d 501, 504 (7th Cir. 1999); *Weihaupt v. Am. Med. Ass'n*, 874 F.2d 419, 428 (7th Cir. 1989), but only with appropriate citations to relevant admissible evidence.  *See* Local Rule 56.1; *Brasic v. Heinemann's Inc., Bakeries*, 121 F.3d 281, 286 (7th Cir. 1997); *Foreman v. Richmond Police Dept.*, 104 F.3d 950, 957 (7th Cir. 1997); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 923-24 (7th Cir. 1994).  Evidence sufficient to support every essential element of the claims on which the opposing party bears the burden of proof must be cited.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering a summary judgment motion, a court must draw all reasonable inferences in the light most favorable to the opposing party.  *See Johnson Worldwide*

*Assocs., Inc. v. Zebco Corp.*, 175 F.3d 985, 988 (Fed. Cir. 1999); *Wollin*, 192 F.3d at 621; *Thomas & Betts Corp. v. Panduit Corp.*, 138 F.3d 277, 291 (7th Cir. 1998); *Spraying Sys. Co. v. Delavan, Inc.*, 975 F.2d 387, 392 (7th Cir. 1992).  If a reasonable fact finder could find for the opposing party, then summary judgment is inappropriate.  *Stop-N-Go*, 184 F.3d at 677; *Shields Enters., Inc. v. First Chi. Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).  When the standard embraced in Rule 56(c) is met, summary judgment is mandatory.  *Celotex Corp.*, 477 U.S. at 322-23; *Thomas & Betts*, 138 F.3d at 291; *Shields Enters.*, 975 F.2d at 1294.

### B.  JUDICIAL REVIEW OF APPLICATIONS FOR NATURALIZATION

If USCIS denies a naturalization application, and that denial is affirmed after review by an immigration officer pursuant to Section 336(a) of the Immigration and Nationality Act, 8 U.S.C. § 1447(a), the applicant may seek judicial review in the United States District Court for the District in which he resides pursuant to Section 310(c) of the same statute ("Section 310(c)").  8 U.S.C. § 1421(c).  Section 310(c) provides that "[s]uch review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of petitioner, conduct a hearing de novo on the application."  8 U.S.C. § 1421(c); *see also O'Sullivan v. U.S. Citizenship and Immigration Serv.*, 453 F.3d 809, 812 (7th Cir. 2006) (stating that "Congress specifically calls for de novo review in naturalization cases, while ordering great deference in other immigration contexts").

### III. DISCUSSION

There is relatively little disagreement between the parties regarding the facts of this case. Both sides agree that Oyebade is a lawful permanent resident of the United States, and that he was on active duty for one month and ten days during a designated period of armed conflict.[5] Likewise, both sides agree that Oyebade was physically present in the United States at the time he enlisted, and that he is now separated from service. These facts establish all of the elements of Oyebade's claim for naturalization save one—namely, the requirement that Oyebade was separated from the Navy under honorable conditions.[6] *See* 8 U.S.C. § 1440(a).

The contested issue is whether the DD Form 214—with its characterization of Oyebade's service as Uncharacterized (Entry Level Separation)—establishes separation under honorable conditions. In his Complaint, Oyebade argues that an Uncharacterized (Entry Level Separation) discharge equates to honorable service because it is separation "under conditions other than dishonorable." Compl. ¶ 48. In other words, Oyebade asserts that he received an "honorable" discharge, as required by Section 329, because he did not receive a Dishonorable discharge, a Bad Conduct discharge, or an Other Than Honorable discharge.

---

[5] Pursuant to Executive Order 13269 of July 3, 2002, the period beginning on September 11, 2001, was designated a period of armed conflict in order to provide military naturalization under Section 329 for aliens and noncitizen nationals serving in the Armed Forces of the United States.

[6] The Court does not consider whether Oyebade is eligible for citizenship by means other than military naturalization because his application was made pursuant to Section 329. The Court points out, however, that failure to satisfy the requirements of Section 329 does not necessarily bar the more routine path to citizenship taken by those who have not served in the Armed Forces of the United States.

Defendants, on the other hand, argue that an Uncharacterized (Entry Level Separation) discharge does not satisfy Section 329's requirement that separation be under honorable conditions.  Defendants do not contend that the classification Uncharacterized (Entry Level Separation) is derogatory in nature.  Instead, Defendants assert that it is neutral.  They acknowledge, as did the official with the Navy's Recruit Training Command, that the Navy uses different terminology for instances of fraud or misconduct. Compl. Ex. 9.  Defendants point out, however, that the Navy also uses different terminology for the honorable completion of military service.  In addition, Defendants highlight the fact that the Navy declined to use that terminology to describe Oyebade's service.  In short, Defendants argue that Oyebade's service fell short of that required by Section 329.

Congress specifically calls for de novo review of the questions of fact and law in cases such as this one, but the Immigration and Nationality Act also makes clear that only the armed forces may characterize military service as honorable.  8 U.S.C. § 1440(a).  In this case, the Navy's determination is legally insufficient to establish Oyebade's claim for relief.  The basic canons of statutory construction indicate that an Uncharacterized (Entry Level Separation) discharge is not an honorable separation from service within the meaning of Section 329, and therefore, a discharge of this type cannot give rise to eligibility for military naturalization.  The Supreme Court has instructed that "in all cases involving statutory construction, our starting point must be the language employed by Congress, and we assume that the legislative purpose is expressed by the ordinary meaning of the words used."  See INS v. Phinpathya, 464 U.S. 183, 189 (1984) (internal quotations omitted). The Court notes as well that when construing a statute, it is a cardinal principle that no clause,

sentence, or word shall be superfluous, void, or insignificant.  *Doe v. Chao*, 540 U.S. 614, 630-631 (2004).

Oyebade's proposed interpretation—that a separation from service that is not "dishonorable" is "honorable" under Section 329—stretches the term "honorable" beyond its ordinary meaning, and well beyond the meaning employed by the Navy.  Conflating an Uncharacterized (Entry Level Separation) discharge with "honorable" impermissibly renders the statutory term insignificant.  Furthermore, as a matter of policy, such an interpretation of Section 329 is incongruous.  Oyebade's proposed reading would extend the high privilege of citizenship to troubled or otherwise ineligible recruits who could pass a disqualifying condition past a recruiter and remain in the military for a minimal length of time.  This scenario lies well beyond the plain language of the statute, and would create an unwarranted loophole in a benefit clearly aimed at service members who continue to serve on active duty or who have received an honorable post-separation characterization of their service.

Oyebade has failed to meet his burden since his claim does not establish a required element for military naturalization.  Section 329 reserves military naturalization for those who served honorably in the Armed Forces of the United States.[7]  Oyebade is neither continuing in active-duty service, nor has he been honorably discharged.  Defendants have demonstrated that there is no genuine issue as to any material fact in this case, since there

---

[7] The Immigration and Nationality Act provides for revocation of naturalization where service members naturalize while on active duty but then fail to complete service honorably. *See* 8 U.S.C. § 1440(c) (permitting revocation of naturalization where there is an Other Than Honorable discharge).  Although this provision does not apply to Oyebade, it further supports reserving the privilege of military naturalization for those who serve in the military long enough to accrue an honorable characterization.

is no evidence upon which a reasonable jury could return a verdict for the opposing party. *Anderson*, 477 U.S. at 248. Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment.

## IV. **CONCLUSION**

For the reasons articulated above, the Court **GRANTS** defendants', Kamsing V. Lee, Gregory L. Collett, Alejandro Mayorkas, Eric Holder, and Janet Napolitano, Motion for Summary Judgment (Dkt. No. 13). Judgment shall enter accordingly.

IT IS SO ORDERED this 21st day of July, 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Herbert Igbanugo
IGBANUGO PARTNERS INT'L LAW FRIM, PLLC
higbanugo@igbanugolaw.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Kimberly E. Wiggans
US DEPT OF JUSTICE, CIVIL DIVISION
kimberly.wiggans@usdoj.gov